REQUESTED BY: Holly Jensen, Director Department of Motor Vehicles
Does a county treasurer have the authority to issue limited permits to applicants that are not residents of that county?
No.
You have requested an opinion from our office regarding the issuance of limited permits (school, learner's and farm permits) by county treasurers. Specifically, you have asked whether a county treasurer has the authority to issue a limited permit to an applicant residing in a county other than the county where the treasurer is located.
A general analysis of the statutes authorizing issuance of driver's licenses is in order. Section 60-404 (Reissue 1984) provides in part: In and for each county in the State of Nebraska the Director of Motor Vehicles shall appoint as his agents one or more examiners who shall examine all applicants for license to operate motor vehicles. . . . The examiner shall actually conduct the examination of applicants and deliver to each successful applicant a certificate entitling such applicant to secure an operator's license as hereinafter set forth. If the examiner shall refuse to issue such certificate for cause he shall state such cause in writing and deliver the same to the applicant. The successful applicant shall present his certificate to the county treasurer of his county, who shall forthwith issue the license or a temporary license to operate a motor vehicle and collect the fee therefor. . . . (emphasis supplied.)
To help facilitate the issuance of licenses, the Legislature enacted § 60-405 which permits an applicant to apply and be tested in any county in Nebraska. This statute reads in part: "All applications for license to operate a motor vehicle shall be presented to the examiner of any county by the applicant in person." (emphasis supplied.)
In a previous letter to your office (October 26, 1979), we stated that "[T]he statutory scheme envisions that a person may apply in any county for an operator's license. However, the applicant, if successful, must then present the certificate to the county treasurer of the county of his residence." We continue to hold to that opinion. Such a system promotes complete recordation of the issuance of licenses to residents of a particular county, and also adds an element of convenience for the applicant in that the examination can be completed anywhere.
A question developes when the provisions of Neb.Rev.Stat. § 60-407 are examined. Section60-407(2) reads in part: A permit shall not be issued until such person has appeared before an examiner to demonstrate that he or she is capable of successfully operating a motor vehicle or motorcycle and has in his or her possession an examiner's certificate authorizing the county treasurer to issue a school permit. (emphasis supplied.)
The same factors that are controlling in the operator's license scheme control in the issuance of limited permits. Issuance of such permits is to be accomplished within the same statutory framework as the issuance of operator's licenses. Evidence of this includes the requirement of an examiner's certificate and positive proof of identity in both instances. Further, evidence of consistency appears in Neb.Rev.Stat. § 39-602(2) (Reissue 1984) which states:
Driver's license shall mean any operators or chauffeurs license or any other license or permit to operate a motor vehicle issued under the laws of this state, including: (a) Any temporary license or instruction permit; . . .
Viewed as a whole, the statutory scheme sets forth a procedure which allows for the examination of applicants in any county and the issuance of the appropriate permit or license only in the county of the applicants residence.
Sincerely,
ROBERT M. SPIRE Attorney General
Jill Gradwohl Assistant Attorney General